UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                                    Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:
N/A

Attorneys Present for Defendants:
N/A

**Proceedings:  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. [26]), DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. [24]) AND REQUEST FOR JUDICIAL NOTICE (DKT. [32]), AND CLOSING CASE JS-6**

There are two motions pending before the Court.  First, Defendant CitiMortgage, Inc. ("Defendant" or "CitiMortgage") filed a Motion to Dismiss ("MTD").  Dkt. # 24 ("*MTD*").  Plaintiff Diana Bogdan ("Plaintiff") opposed the MTD, Dkt. # 28 ("*Opp'n to MTD*"), and Defendant replied, Dkt. # 29 ("*Reply ISO MTD*").  Also pending is Plaintiff's Motion to Remand.  Dkt. # 26 ("*Mot.*")  Defendant opposed, *see* Dkts. # 31 ("*Opp'n to Remand*"), and Plaintiff replied, *see* Dkt. # 33 ("*Reply ISO Remand*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  After considering the papers, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES AS MOOT** both Defendant's Motion to Dismiss and Request for Judicial Notice.  The Court **REMANDS** the case to Los Angeles County Superior Court (Case No. 25SMCV06633).  The Clerk of Court is directed to **CLOSE** this case **(JS-6)**.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                    Date: June 3, 2026

Title:    Diana Bogdan v. CitiMortgage, Inc., *et al.*

I.    Background

Plaintiff is the current Trustee and Trustor of the SF Anton De Paduva Trust ("the Trust"), which holds title to property in West Hollywood, California ("the Property") at the center of this dispute.  *See* Dkt. # 19 ("*FAC*") ¶¶ 1–4.  The First Amended Complaint ("FAC") alleges that in November 2006, Plaintiff sought financing to purchase the Property from Defendant Janna Kohl ("Kohl"), who, "[w]ithout Plaintiff's knowledge or consent, [ ] wrote on the uniform residential loan application that Plaintiff's monthly income" was "more than three times" her actual income.  *See id.* ¶¶ 12, 30–31. Plaintiff alleges that escrow officer, Defendant Patsy Addy ("Addy"), rushed Plaintiff through the signing and that after repeated requests from all Defendants, she never received her loan documents thereafter.  *See id.* ¶¶ 36–41.

On June 11, 2025, Defendant Aldridge Pite, LLP ("Aldridge Pite"), identifying itself as CitiMortgage's debt collector, sent Plaintiff a combined "Notice of Breach, Right to Cure, and debt validation notice." *See id.* ¶ 47.  On October 10, 2025, CitiMortgage recorded a Notice of Default ("NOD") and stopped mailing monthly loan payments to Plaintiff entirely.  *See id.* ¶¶ 50–51.  From 2011 until the present, the FAC alleges that CitiMortgage has continued to impose unauthorized charges on Plaintiff's loan accounts, including monthly property inspection fees on the First and Second Notes, as well as bankruptcy fees.  *See id.* ¶ 45.

II.   Procedural History

Plaintiff filed two state court lawsuits against Citibank in 2012 and 2013.  *See FAC* ¶¶ 44.  Plaintiff's former counsel "involuntarily dismissed" the first lawsuit, and the California trial and appellate courts dismissed her second lawsuit on procedural grounds. *See id.*  On December 24, 2025, Plaintiff filed this action in Los Angeles County Superior Court.  *See Not. of Removal*, Dkt. # 1 ("*NOR*") at 10.  Plaintiff originally sued only CitiMortgage—a citizen of New York and Missouri—bringing four state law causes of action.  *See id.* at 4, 11.  On January 29, 2026, CitiMortgage removed the action to this Court.  *See generally id.*  The FAC raises fourteen (14) causes of action under California law and adds Defendants Kohl, First Financial, Addy, Pickford, Aldridge Pite, and Bayview to the case, all of whom are citizens of California, thereby defeating complete diversity.  *See FAC* ¶¶ 9–13, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-00910-MWC-MAR                          Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*


III.    Legal Standard: Motion to Remand

        "The federal removal statute provides that 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States.'" *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1184 (9th Cir. 2022) (quoting 28 U.S.C. § 1441(a)); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts [original] jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  Thus, a defendant may remove an action to federal court based on diversity jurisdiction.   28 U.S.C. §§ 1441(a), (b).   Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).  Ultimately, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citation omitted).  There is a "presumption against removal," and "the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted).

IV.    Discussion

        As "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)," the Court first turns to Plaintiff's Motion to Remand. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see also Serrato v. WestRock Servs., LLC*, No. 1:26-cv-01345-KES-EPG, 2026 WL 1045690, at *3 n.3 (E.D. Cal. Apr. 17, 2026) ("[I]t is appropriate to decide the motion to remand first, because, if the Court does not have subject-matter jurisdiction over the case, it could not decide WestRock's motion to dismiss."); *Stoff v. Wells Fargo Bank, N.A.*, No. 3:21-CV-00793-BEN-KSC, 2021 WL 5449036, at *4 (S.D. Cal. Nov. 22, 2021) (same).

        Plaintiff moves to remand the case for two reasons.  First, Plaintiff posits that remand is mandatory under Rule 15(a) because she filed her FAC as a matter of right,

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-00910-MWC-MAR                                    Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*

joining non-diverse defendants.  *See Mot.* at 12, 14.  Second, Plaintiff argues that, in the alternative, the Court should permit the joinder of the non-diverse defendants in this case under 28 U.S.C. § 1447(e), and remand under the six factors identified in *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014).  *Mot.* at 12, 14–18.

A.       Plaintiff's Service of Defendants

Defendant argues that because Plaintiff has failed to request a summons to compel the appearance of the non-diverse defendants, that this failure demonstrates Plaintiff's bad faith in seeking joinder.  *See Opp'n to Remand* at 12.

Federal Rule of Civil Procedure 4(c) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]"  Fed. R. Civ. P. 4(c)(1).  Rule 4(m) prescribes that a plaintiff must serve a defendant "within 90 days after the complaint is filed" unless the Plaintiff can demonstrate that "good cause" exists.  Fed. R. Civ. P. 4(m).  Plaintiff filed her FAC on March 27, 2026.  To date, ninety (90) days have not yet passed.  Defendant's argument therefore lacks merit.  *See City of Merced v. Fields*, 997 F. Supp. 3d 1326, 1338 (E.D. Cal. 1998); *James v. Sabella*, No. 22-cv-05939-SI, 2024 WL 2969964, at *4 (N.D. Cal. June 11, 2024) ("The Ninth Circuit has held that the Rule 4 time period for service begins to run when the amended complaint naming the defendant for the first time was filed[.]") (citation omitted).  Additionally, Defendant's case law is inapposite.  *See Opp'n to Remand* at 12 (citing *Heller v. American States Insurance Company*, No. CV 15-9771 DMG (JPRx), 2016 WL 1170891 (C.D. Cal. Mar. 25, 2016) and *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011)).  *Heller* assessed the "bad faith exception" to Section 1446(c)(1), while *Hardin* assessed a "new party's notice of the pending action" as a discretionary, additional *McGrath* factor.  *See also Cline v. Maserati N. Am., Inc.*, No. 8:24-cv-02277-FWS-JDE, 2024 WL 4997848, at *5 n.1 (C.D. Cal. Dec. 4, 2024) (noting that "some district courts have analyzed" this "additional" factor).  The parties have not presented evidence whether the non-diverse defendants are (or are not) aware of the instant litigation.  *See, e.g.*, *Marroquin v. Target Corp.*, No. LA CV19-00341 JAK (SSx), 2019 WL 2005793, at *10 (C.D. Cal. May 7, 2019) ("No evidence has been presented as to whether Saavadra is aware of the pending action.  Accordingly, this factor is neutral.").  These arguments both lack merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-00910-MWC-MAR                    Date: June 3, 2026

Title:    Diana Bogdan v. CitiMortgage, Inc., *et al.*


      B.      <u>Rule 15: Mandatory Remand</u>

Plaintiff first contends that remand is "mandatory" because "the plaintiff's right to amend [the Complaint] was absolute," and therefore the Court does not need to apply Section 1447(e). *See Mot.* at 12, 14. "Plaintiff['s] argument runs squarely into the numerous decisions from district courts – both within this Circuit and outside of it – that have resolved this tension in favor of applying 28 U.S.C. § 1447(e)." *Orlov v. Gen. Ins. Co. of Am.*, No. 2:21-cv-09848-SVW-JC, 2022 WL 2102999, at *2 (C.D. Cal. Mar. 16, 2022) (citations omitted); *see also Garcia v. Welltower OpCo Grp., LLC*, No. 8:20-cv-02250-JVS(KESx), 2023 WL 2612605, at *5 (C.D. Cal. Mar. 23, 2023). "Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction" because to "apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) and contrary to other policies that apply in this context." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–87 (C.D. Cal. 1999); *see also McGrath*, 298 F.R.D. at 607; *Garcia*, 2023 WL 2612605, at *5 n.7. Accordingly, the Court **DENIES** Plaintiff's motion on this ground and instead, turns to the discretionary analysis under Section 1447(e).

      C.      <u>28 U.S.C. § 1447(e)</u>

Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision to permit joinder "remains 'in the sound discretion of the court,'" *McGrath*, 298 F.R.D. at 607, in consideration of the following six (6) factors:

      (1)    [W]hether the party sought to be joined as needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);

      (2)    [W]hether the statute of limitations would preclude an original action against the new defendants in state court;

      (3)    [W]hether there has been unexplained delay in requesting joinder;

      (4)    [W]hether joinder is intended solely to defeat federal jurisdiction;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                          Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*

> (5)      [W]hether the claims against the new defendant appear valid; and
>
> (6)      [W]hether denial of joinder will prejudice the plaintiff.

*Id.*; *see also Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023) (same); *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (same).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder."  *Khachunts*, 682 F. Supp. 3d at 833 (internal quotation marks and citation omitted).

### i.     *Necessary Parties Under Rule 19*

"Under Rule 19(a), a 'necessary party' has 'an interest in the controversy,' and should be made a party so that the court may 'finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'"  *Khachunts*, 682 F. Supp. 3d at 833 (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991)).  "While courts consider the standard set under Rule 19 to determine whether to permit joinder under section 1447(e), amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19."  *Id.* (internal quotation marks and citation omitted); *see also Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1100 (N.D. Cal. 2024) (same).  The standard for joinder is met under Section 1447(e) "when failure to join will lead to separate and redundant actions."  *Khachunts*, 682 F. Supp. 3d at 833; *Burch*, 758 F. Supp. 3d at 1100.  Alternatively, the factor weighs against joinder "where those defendants are only tangentially related to the cause of action or would not prevent complete relief."  *Khachunts*, 682 F. Supp. 3d at 833; *Burch*, 758 F. Supp. 3d at 1100.

Here, the additional, non-diverse Defendants are not merely "tangentially related" to the Plaintiff's Complaint.  In multiple places of the FAC, Plaintiff alleges that the Defendants "engaged in a continuing civil conspiracy" and that the pending foreclosure "is the final and culminating overt act in furtherance of this conspiracy."  *See FAC* ¶ 19; *see also id.* ¶¶ 20(g), 21, 45, 64, 65.  Each additional, non-diverse Defendant somehow contributed to this civil conspiracy.  *See id.* ¶¶ 9–13.  "Civil conspiracy is, by its nature, a doctrine that imposes liability on co-conspirators."  *Lewis v. Bear Stearns Residential Mortg. Corp.*, No. 2:23-cv-1010-CSK PS, 2024 WL 3012356, at *10 (E.D. Cal. June 11, 2024) (citation omitted).  Given this, co-conspirators are "not simply tangentially related to the civil conspiracy claim" and instead, are "inextricably intertwined with [Kohl's]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                                    Date: June 3, 2026

Title:      Diana Bogdan v. CitiMortgage, Inc., *et al.*

alleged misrepresentations[.]"  *Id.*; *see also Hinrichsen v. Quality Loan Serv. Corp.*, No. 16cv0690 DMS (NLS), 2017 WL 56258, at *4 (S.D. Cal. Jan. 5, 2017) ("Each of these individuals and entities was involved in either the alleged fraudulent scheme to obtain title to the Property or the transfers of the property thereafter, and each of them has an interest in the outcome of this case."); *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS(RAOx), 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7, 2016) (finding claims against non-diverse party were directly related under § 1447(e) where the non-diverse party was, "allegedly, a direct participant in the conduct which gives rise to plaintiff's existing claims" and where such claims rely on the same documents, witnesses, and other factual questions). Accordingly, this factor weighs in favor of joining the non-diverse Defendants.

### ii.      *Statute of Limitations*

"Under this factor, the Court considers whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder." *Khachunts*, 682 F. Supp. 3d at 834 (citation omitted); *Burch*, 758 F. Supp. 3d at 1100.  Plaintiff suggests that she may run into a statute of limitations issue should the Court require that she file a separate state court action.  *See Mot.* at 15–16.  Yet, Plaintiff has not pointed to any authority barring such a subsequent action.  *See id.*  It does not appear that Defendant disputes this factor.  *See Opp'n to Remand* at 18.  Instead, Defendant briefly assesses whether the statute of limitations bars the *current* litigation against the additional, non-diverse Defendants.  *See id.* at 18, 21–24.

Based on the parties' papers, this factor is not seriously in dispute by the parties. *See also Khachunts*, 682 F. Supp. 3d at 834 ("[B]oth parties agree that the statute of limitation for Plaintiff's claims is not at issue."); *Burch*, 758 F. Supp. 3d at 1100 ("Ford does not contend that any statute of limitations would preclude an original action against the Future in state court.").  Plaintiff has simply failed to point to any authority demonstrating that the statute of limitations would bar a new action.  *See Mot.* at 15–16; *Reply ISO Remand* at 11–12.  As such, because the parties have not demonstrated that "the statute of limitations would preclude the filing of a new, separate action against" the non-diverse Defendants, this factor "does not weigh in favor of joinder."  *See Murphy*, 74

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                                    Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*

F. Supp. 3d at 1284; *see also Khachunts*, 682 F. Supp. 3d at 834 (determining factor "weighs against joinder" where both parties agreed statute of limitations was not at issue).[1]

### iii.     Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Khachunts*, 682 F. Supp. 3d at 834 (citation omitted); *Burch*, 758 F. Supp. 3d at 1100.  "While there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." *Khachunts*, 682 F. Supp. 3d at 834–35 (citations omitted).  Courts also have "discretion to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint." *Id.* at 835 (internal quotation marks and citation omitted).

Plaintiff insists that there has been no unexplained delay because the present action "is at its earliest procedural stage." *Mot.* at 16.  This factor is, at best, neutral toward joinder.  Plaintiff is correct that if the Court were to only look at the timeliness of joinder from the vantage point of the present case's proceedings, there would be no delay—Plaintiff seeks to add the non-diverse Defendants two months after Defendant removed the case to federal court.  However, Plaintiff is incorrect that there has been *no* delay in adding these Defendants, especially because the events underlying this litigation began twenty years ago, and because she has initiated two prior state court lawsuits.  *See FAC* ¶ 44.  The identity of at least some of these Defendants were ascertainable prior to this litigation and could have been named in Plaintiff's original state court Complaint. *Khachunts*, 682 F. Supp. 3d at 834–35.  Accordingly, this factor is neutral.

---

[1] To the extent that Defendant is correct that Plaintiff's claims are "time barred" and "must be brought within 3 years," those arguments actually weigh in favor of joinder and remand because such limitations would indicate Plaintiff is precluded from filing a new action in state court. *See Opp'n to Remand* at 21–24; *see also Burch*, 758 F. Supp. 3d at 1098 (court must assess "whether any statute of limitations would preclude an original action against the proposed defendant in state court").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                    Date: June 3, 2026

Title:    Diana Bogdan v. CitiMortgage, Inc., *et al.*

        *iv.*    *Plaintiff's Motives*

"Under this factor, courts examine the motive of a plaintiff in seeking the joinder of an additional defendant." *Khachunts*, 682 F. Supp. 3d at 835 (internal quotation marks and citation omitted); *Burch*, 758 F. Supp. 3d at 1101. "Generally, the issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." *Khachunts*, 682 F. Supp. 3d at 835 (cleaned up). However, "suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle [the] addition of diversity-destroying defendants." *Burch*, 758 F. Supp. 3d at 1101–02 (quotation marks and citation omitted). Indeed, "[c]ourts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant." *Id.* at 1102 (internal quotation marks and citation omitted). Because, as further discussed below, Plaintiff has stated at least one viable claim against Defendants, this factor is afforded little, if any, weight. *See id.*

        *v.*    *Valid Claims*

"The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Khachunts*, 682 F. Supp. 3d at 836; *Burch*, 758 F. Supp. 3d at 1099 (same). A claim is "facially valid *if it seems valid*, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." *Khachunts*, 682 F. Supp. 3d at 836 (emphasis added) (internal quotation marks and citations omitted). "Indeed, the claim need not be plausible nor stated with particularity for joinder under section 1447." *Id.* (internal quotation marks and citation omitted). Instead, the plaintiff "must establish the elements of the alleged cause of action." *Id.* (citation omitted). "Courts in the Ninth Circuit have reasonably looked to the fraudulent joinder standard when considering this factor," *Burch*, 758 F. Supp. 3d at 1099, which, in turn, "consider[s] whether there is a '*possibility* that a state court would find that the complaint states a cause of action' against the additional defendant." *Smith v. Home Depot U.S.A., Inc.*, No. 2:25-cv-03270-MEMF-MAA, 2026 WL 849288, at *4 (C.D. Cal. Mar. 25, 2026) (emphasis in original) (citation omitted). This standard presents a "lower bar," and "should not be conflated with 12(b)(6) motions which consider the merits." *Smith*, 2026 WL 849288, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                           Date: June 3, 2026

Title:     Diana Bogdan v. CitiMortgage, Inc., *et al.*

The validity of any single additional claim against a new, non-diverse Defendant weighs in favor of joinder and remand.  *See Vega v. Am. Ins. Co.*, No. C 20-10631 FMO (JPRx), 2021 WL 2665718, at *3 n.3 (C.D. Cal. June 29, 2021) ("Because plaintiff has shown at least one facially valid claim, the court need not address her other theories of liability."); *Stout v. Int'l Bus. Machs. Corp.*, No. CV 16-4914 FMO (AJWx), 2016 WL 4528958, at *9 (C.D. Cal. Aug. 30, 2016) ("Given the court's determination that Stout has alleged at least one valid claim against Mullaney for false imprisonment, the court need not evaluate the validity of the other claims.") (citation omitted).  To take but one example, Plaintiff has stated a viable claim for fraudulent conspiracy against the new, non-diverse Defendants.   Under California law, the elements of a cause of action for fraudulent concealment are:

> (1) [T]he defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage.

*Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011–12 (9th Cir. 2011); *Pontier v. GEICO Ins.*, 775 F. Supp. 3d 1072, 1085 (S.D. Cal. 2025) (same); *Acevedo v. Sunnova Energy Corp.*, 738 F. Supp. 3d 1268, 1280 (C.D. Cal. 2024).

Plaintiff has adequately alleged each element for this claim.  First, Plaintiff contends that Kohl and First Financial materially omitted, among other things, that Plaintiff's "stated income had been falsified," that the First Note "was an interest-only adjustable rate mortgage," and that the combined monthly payments would amount to 80 percent of Plaintiff's actual monthly income. *FAC* ¶ 60.  Plaintiff alleges that each Defendant participated in a conspiracy to defraud her, that they had a "duty of care" to provide accurate information and disclose such material facts, yet concealed and misrepresented the facts.  *See id.* ¶¶ 68–70.  In multiple places of the FAC, Plaintiff alleges that these misrepresentations were made with an intent to defraud.  *See id.* ¶¶ 35, 59, 66, 116, 130, 133(a)–(b).  Plaintiff has demonstrated how each new Defendant participated in the fraud, *see id.* ¶¶ 66(a)–(d), and that Plaintiff was unaware that her stated monthly income was falsified.  *See, e.g., id.* ¶ 12, 20(a).  Finally, Plaintiff has sufficiently demonstrated that the concealment caused Plaintiff to incur financial damage via incurring bankruptcy and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-00910-MWC-MAR                         Date: June 3, 2026

Title:      Diana Bogdan v. CitiMortgage, Inc., *et al.*


inspection fees, paying an inflated balance, risking a future foreclosure, etc.  This factor therefore favors joinder.

> ### vi.      *Prejudice to Plaintiff*

"Prejudice exists if the proposed defendant is 'crucial' to the case.  Prejudice does not exist if complete relief can be afforded without that defendant."  *Burch*, 758 F. Supp. 3d at 1101 (quotation marks and citation omitted).  This factor weighs in favor of joinder if the plaintiff "would be required to pursue two substantially similar lawsuits in two different forums—an action against defendant before this Court and an action against proposed defendants in California state court."  *Id.* (cleaned up); *see also Khachunts*, 682 F. Supp. 3d at 837 ("Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once.") (internal quotation marks and citation omitted).

Preventing Plaintiff from joining the non-diverse Defendants would result in duplicative litigation that would prejudice Plaintiff.  Similarly, it is not feasible to stay one action while the other proceeds, and because Plaintiff's FAC maintains a civil conspiracy theory, the evidence is all inextricably intertwined.  *Contra Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1025 (C.D. Cal. 2002) (holding plaintiffs will not suffer undue prejudice if court declines joinder of diversity-destroying defendants because "much of the evidence required to prove the claims against the insurance company for breach of contract, . . . is different from what is required to prove entitlement to equitable indemnity against Reynaldo Rivera."); *Murphy*, 74 F. Supp. 3d at 1286 ("[T]he burden of parallel actions could be addressed by having one action proceed while the other is stayed.").  Denying joinder would prejudice Plaintiff.  This factor weighs in favor of joinder.

Taken together, at least three of the *McGrath* factors weigh in favor of joining the non-diverse Defendants: they are necessary parties under Rule 10, Plaintiff has stated at least one valid claim against the Defendants, and Plaintiff has demonstrated she will suffer prejudice in the absence of joinder.  Therefore, on balance, Plaintiff is permitted to join the non-diverse Defendants under Section 1447(e)'s discretionary analysis.  Complete diversity is therefore destroyed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                              Date: June 3, 2026

Title:    Diana Bogdan v. CitiMortgage, Inc., *et al.*

           D.        Nominal Defendant: Aldridge Pite

Finally, notwithstanding the *McGrath* factors, Defendant maintains that Defendant Aldridge Pite is a nominal party. *See Opp'n to Remand* at 31–32. While "nominal parties are not considered for diversity jurisdiction purposes," *Forbes v. Wells Fargo Bank, Nat'l Ass'n*, 697 F. Supp. 3d 948, 950 (N.D. Cal. 2023) (citation omitted), whether Aldridge Pite is a nominal party does not alter the outcome. The Court has already permitted Plaintiff to join several other non-diverse Defendants. In other words, with or without Defendant Aldridge Pite, complete diversity is still destroyed.

Accordingly, because Plaintiff has demonstrated that the non-diverse Defendants should be joined in this action, in the absence of complete diversity, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. # 26). Defendant's Motion to Dismiss (Dkt. # 24) is **DENIED AS MOOT**.

           E.        Defendant's Request for Judicial Notice (Dkt. # 32)

Lastly, Defendant has filed a Request for Judicial Notice ("RJN"), asking the Court to judicially notice eighteen exhibits. Dkt. # 32 at 2–4. Since resolution of Plaintiff's motion did not rest on any of these exhibits, Defendants' Request for Judicial Notice (Dkt. # 32) is **DENIED AS MOOT**. *See In re Meta Android Priv. Litig.*, --- F. Supp. 3d ---, 2026 WL 1279416, at *1 n.1 (N.D. Cal. May 11, 2026) (awaiting publication); *Disney Enters., Inc. v. Minimax*, No. 2:25-cv-08768-SB-E, 2026 WL 1476670, at *4 n.3 (C.D. Cal. May 22, 2026); *Vidor v. Macomber*, No. CV 25-10535 PA (SSCx), 2026 WL 967418, at *8 n.5 (C.D. Cal. Apr. 2, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00910-MWC-MAR                                    Date: June 3, 2026

Title:      Diana Bogdan v. CitiMortgage, Inc., *et al.*

V.      Conclusion

For the foregoing reasons, the Court **ORDERS** as follows:

1.  Plaintiff's Motion to Remand (Dkt. # 26) is **GRANTED**.  Defendant's Motion to Dismiss (Dkt. # 24) and Request for Judicial Notice (Dkt. # 32) are both **DENIED AS MOOT**.

2.  The June 5, 2026 hearing is **VACATED**.

3.  This case is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles (Case No. 25SMCV06633).  The Clerk of Court is directed to **CLOSE** this case **(JS-6)**.

**IT IS SO ORDERED.**

                                                                                        :
**Initials of Preparer**   TJ